## UNITED STATES DISTRICT COURT
## DISTRICT OF THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC SPERO<br>9835 Possum Hollow Rd.<br>Shippensburg, PA 17257;<br><br>Plaintiff,<br>v.<br><br>NORFOLK SOUTHERN CORPORATION<br>Three Commercial Place<br>Norfolk, VA 23510;<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO. |

## **COMPLAINT**

COMES NOW Plaintiff, Eric Spero, by and through his undersigned counsel, and claims of the Defendant an amount in excess of the statutory arbitration limits and aver the following:

1. Plaintiff, Eric Spero, is an adult individual residing at 9835 Possum Hollow Rd., Shippensburg, PA 17257.

2. Defendant, Norfolk Southern Corporation, ("NSC") is and was at all times material hereto a corporation duly organized and existing under by virtue of law and was engaged in owning and operating railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through, and between various and several states of the United States and doing business in Pennsylvania.

3. At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as a conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4.      This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., and the Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq.

5.      On or about January 24, 2015, plaintiff, in the course and scope of his employment, was detraining when he slipped, tripped, stumbled, and/or fell upon due to, inter alia defective, hazardous, and unsafe walking conditions on Defendant's premises in Reybold, Delaware.

6.      As a result of the aforementioned, plaintiff was caused to suffer personal injuries more fully described below.

7.      Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

   a. failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject premises in a reasonably safe condition;

   b. failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous footing condition;

2

c. failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous lighting condition;

d. failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, which was made unsafe due to the lack of lighting and poor footing conditions;

e. failing to warn plaintiff of the dangerous and/or hazardous condition of the work area which was made unsafe due to the presence of a dangerous lighting condition;

f. failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject premises, as described above, when the defendant knew or should have known that said conditions existed;

g. failing to use ordinary care to service and/or maintain the premises in a reasonably safe condition and in a condition free from the presence of tripping hazards and/or poor lighting conditions;

h. failing to use ordinary care to properly inspect the subject premises and/or lighting conditions to ensure that same was in a reasonably safe condition;

i. failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject premises, including but not limited to, tripping hazards and/or lighting conditions;

j. failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving tripping hazards and/or lighting conditions as more fully described above;

k. failing to provide adequate space for plaintiff to work due to the presence of a dangerous footing condition;

l. failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff; and

m. failing to maintain the subject yard so that same was free from the presence of a dangerous footing condition.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his ankle by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend

considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

11. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

12. The injuries sustained by Plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $150,000.00 as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

BARISH ◆ROSENTHAL

By: _____
Anthony M. DiGiulio, Esquire
Attorney for Plaintiff